Oscar Murov, J.
The defendant is charged by a State Park Patrolman with violating section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law in that the defendant is alleged to have been speeding 72 miles an hour in a 50-mile speed zone. This occurrence took place on September 17, 1965, on the Northern State Parkway in Suffolk County, New York.
The defendant moves for dismissal of the information on the grounds that section 678-a of the Conservation Law specifies that the verification must be made by a State Park Patrolman of the rank of a Captain, Lieutenant or an acting Lieutenant. The information in this matter was sworn to before a Sergeant of the Long Island State Park Commission, and the defendant contends that, therefore, the information is a nullity and should bo dismissed.
*682 The People contend that the applicable section is 208 of the Vehicle and Traffic Law and not section 678-a of the Conservation Law claimed by the defendant. While it is true that section 678-a of the Conservation Law claimed by the defendant enumerates the persons who are authorized to administer oaths, the same is not applicable to violations which are charged under the Vehicle and Traffic Law.
Section 208 of the Vehicle and Traffic Law provides that “ Where a traffic summons has been served by a police officer in cases of any violations of any provision of this chapter or of any ordinance, rule or regulation enacted pursuant thereto or pursuant to any other law relating to traffic, any chief, deputy chief, captain, lieutenant * * * or sergeant * * * is hereby authorized to administer to such police officer all necessary oaths in connection with the execution of the complaint to be presented in court by such police officer in the prosecution of such offense.” (Italics supplied.)
Section 774 of the Conservation Law authorizes the Park Commission to hire certain employees and prescribes, in part, ‘ ‘ Such employees shall include one or more persons who may be employed for the purpose of enforcing law, order and the observance of the ordinances established by said commission for the government and use of the public reservation under its care. Each person as and when so employed, and during the term of such employment may be uniformed, shall be designated as a ‘ Long Island state park patrolman ’ and shall be a peace officer as defined by section one hundred and fifty-four of the code of criminal procedure, and shall have, within the limits of the cities, towns and villages containing territory included within such reservation all the powers of a constable, marshal, police constable, or policeman of a city, town or village in the execution of criminal process; and criminal process issued by any court or magistrate of a county, town, city or village containing territory included within such reservation may be directed to and executed by any such patrolman, notwithstanding the provisions of any local or speciial act, ordinance, or regulation.” (Italics supplied.)
Section 154-a of the Code of Criminal Procedure under the title “Certain peace officers designated as police officers”, includes “any member of a duly organized police force or department of any county, city, town, village, municipality, authority, police district, regional state park commission when employed full time in the enforcement of the general criminal laws of the state”. (Italics supplied.)
*683 Section 154 of the Code of Criminal Procedure in defining “ Who are peace officers”, includes within its enumeration a “ state park patrolman ”.
Upon reading sections 154 and 154-a of the code in conjunction with section 774 of the Conservation Law, it is evident that a Long Island State Park Patrolman is always a peace officer, and furthermore he is a police officer within the limits of the city, town or village containing territory within the public reservation under the care of the park commission, pursuant to the powers given under section 774 of the Conservation Law and the designation under section 154-a of the code, as to any town or village containing territory within the. “public reservation ”, he is a full time employee engaged in the enforcement of the general criminal laws of the State, and therefore a police officer pursuant to section 154-a of the code. (Italics supplied.)
Accordingly, I find that the information is sufficient, and the motion made by the defendant is denied and the matter is set down for trial, in view of the defendant’s plea of not guilty, for a date to be fixed by the Clerk of the court, having in mind the availability of the Patrolman to attend at the trial.